UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

JOHANNES GONZALEZ,

                Petitioner,

     - against -

ROBERT ERCOLE, Superintendent,

                Respondent.

------------------------------------------------------------x

08-CV-403 (CS) (PED)

**ORDER ADOPTING
REPORT AND
RECOMMENDATION**

Seibel, J.

     Before the Court are Petitioner Johannes Gonzalez's Objections, dated October 17, 2011,

(Doc. 36), to the Report and Recommendation ("R&R") of United States Magistrate Judge Paul

E. Davison, dated September 22, 2011, (Doc. 34), recommending denial of Petitioner's Petition

pursuant to 28 U.S.C. § 2254, (Doc. 2). Familiarity with the prior proceedings, the R&R, and

the issues presented is presumed.

I.    Standard of Review

     A district court reviewing a magistrate judge's report and recommendation "may accept,

reject, or modify, in whole or in part, the findings or recommendations made by the magistrate

judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise objections to the magistrate judge's report

and recommendation, but they must be "specific," "written," and submitted "[w]ithin 14 days

after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2);

*accord* 28 U.S.C. § 636(b)(1)(C). A district court must conduct a *de novo* review of those

portions of the report or specified proposed findings or recommendations to which timely

objections are made. 28 U.S.C. § 636(b)(1)(C); *see* Fed. R. Civ. P. 72(b)(3) ("The district judge

may accept, reject, or modify the recommended disposition; receive further evidence; or return

-1-

the matter to the magistrate judge with instructions."). The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record. *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985); Fed. R. Civ. P. 72 advisory committee's note (b). In addition, "[t]o the extent . . . that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." *Indymac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07-CV-6865, 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008)[1]; *accord Evans v. Ericole*, No. 06-CV-3684, 2008 WL 4861783, at *2 (S.D.N.Y. Nov. 10, 2008) (reviewing report and recommendation for clear error where *pro se* plaintiff made only general objection); *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition.") (internal quotation marks omitted).

The objections of parties appearing *pro se* are "generally accorded leniency" and should be construed "to raise the strongest arguments that they suggest." *Milano v. Astrue*, 05-CV-6527, 2008 WL 4410131, at *2, 24 (S.D.N.Y. Sept. 26, 2008) (internal quotation marks omitted). "Nonetheless, even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *Pinkney v.*

---

[1]    Copies of all unreported opinions cited in this Memorandum Decision and Order will be provided to Petitioner.

*Progressive Home Health Servs.*, No. 06-CV-5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (internal quotations marks omitted).

II.    Discussion

Petitioner objects only to Judge Davison's decision that Petitioner's counsel was not ineffective for failure to convey a plea offer of two-years-to-life.  Specifically, Petitioner argued in the Petition that the two-to-life offer was never conveyed to him by his lawyer and that he would have accepted it if it had been conveyed.  His belief that such an offer was extended but not conveyed was based on the transcript of a March 10, 2002 proceeding which reflects that, at a time when apparently no interpreter was present for Petitioner, Petitioner's counsel stated that: 1) the Assistant District Attorney ("ADA") had previously extended an offer of two-to-life; 2) for that day only (the day of scheduled suppression hearings in the case) – because of "issues" in the case unrelated to the scheduled hearings – the offer was 4.5 years-to-life; and 3) after the hearings the offer would increase to seven-years-to-life.  (Doc. 15 at 4.)  Through the instant litigation, however, it has been established that those with personal knowledge – the ADA, Petitioner's counsel, and the court reporter – all say that the reference to two-to-life was a transcription error, and that the offer before the hearings had been six-to-life.  A previously extended six-to-life offer would make more sense in context, because the ADA is unlikely to have *increased* the offer in light of "issues" with the case.

Plaintiff now argues that because the Respondent initially accepted the erroneous transcript at face value, I should evaluate the Petition as if a two-to-life offer had in fact been extended.  He provides no authority for the proposition that this Court ought to indulge a counter-factual assertion in assessing the Petition.  This Court's obligation is to determine

-3-

whether Petitioner "is in custody in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2254(a), not whether he would be if the facts were different.

Plaintiff further argues neither the 4.5-to-life or six-to-life offers were conveyed to him; that had he only known about them, he would have made the same arguments with respect to those offers that he made with respect to the two-to-life offer; and that the only reason he did not is because he was simply going by what the transcript said. These claims are belied by record. First, Petitioner concededly had the erroneous transcript when he filed his original petition. It referred to the 4.5-to-life offer, and thus Petitioner had every opportunity to say that that offer had not been conveyed, and that he would have taken it had it been conveyed, were that the case. But he did not say that, and rather was specific that the offer he would have accepted was two-to-life. Second, at the start of his trial, prior offers were discussed in front of him, so he knew at least at that time (if not before) that there had been offers of 4.5-to-life and six-to-life. (Doc. 18 at 7-14.) He did not say anything at the time, in the Petition or in front of Judge Davison about those offers not having been conveyed to him. Third, at sentencing the Court mentioned the 4.5-to-life and six-to-life offers, (Doc. 23 at 15), and again Petitioner did not say anything at the time, in the Petition, or before Judge Davison about those offers not having been conveyed to him. The record is thus clear that Petitioner was well aware of those offers and had every opportunity to say that his lawyer had failed to convey them, if in fact that were the case. Having failed to do so, he cannot now advance arguments in his objections to the R&R that were not made previously. *See Gonzalez v. Garvin*, No. 99-CV-11062, 2002 WL 655164, at *1-2 (S.D.N.Y. Apr. 22, 2002) (new arguments raised for the first time in objections and not presented to Magistrate Judge cannot be considered).

Moreover, even now Petitioner does not say explicitly that he would have accepted an offer of 4.5-to-life or six-to-life; rather, he says only that he would have made the same arguments that he made with respect to the two-to-life offer, which is not quite the same thing. In any event, even if Petitioner had come out and said that he would have accepted the 4.5-to-life or six-to-life offers, that alone would not suffice for him to obtain relief or even an evidentiary hearing. Rather, it is his burden to "proffer arguably credible evidence of a *prima facie* case that, but for counsel's [deficient performance], the petitioner would have accepted the plea offer." *Puglisi v. United States*, 586 F.3d 209, 215 (2d Cir. 2009). "*Prima facie* evidence may include a petitioner's own statement, as was offered here; however, in order for the statement to be sufficiently credible to justify a full hearing, it must be accompanied by some 'objective evidence,' such as a significant sentencing disparity, that supports an inference that the petitioner would have accepted the proposed plea offer if properly advised." *Raysor v. United States*, 647 F.3d 491, 495 (2d Cir. 2011) (quoting *Puglisi*, 586 F.3d at 215-16).

Here, while there is a disparity between the offers and the sentence imposed (twenty-years-to-life, which was later reduced to a determinate sentence of fifteen years), perhaps supporting an inference that Petitioner might have accepted the offer(s), there is abundant "objective evidence" of record that flatly contradicts any such inference. *See Puglisi*, 586 F.3d at 214 ("[A] district court need not assume the credibility of factual assertions . . . where the assertions are contradicted by the record in the underlying proceeding"). Aside from counsel's statement on March 10, 2002, that counsel had spoken to Petitioner multiple times about the 4.5-to-life and six-to-life offers, and that Petitioner was not interested in any offer and preferred to go to trial, (Doc. 15 at 4), Petitioner's counsel also stated in his presence, on the record after hearings on March 27, 2003, that he had spoken to Petitioner about a seven-to-life offer, and

Petitioner stated that he was not interested, (Doc. 16 at 135). Further, during jury selection, on the record, the trial judge gave Petitioner time to consider a six-to-life offer, which he did not accept. (Doc. 18 at 7-14.) Finally, at sentencing Petitioner maintained his innocence, (Doc. 23 at 11-12), and in fact questioned his attorney's conduct in "deliver[ing] an offer to an innocent person," (*id.* at 12). Thus, we need not resort to inference in considering whether Petitioner might have accepted the offers about which he belatedly contends he did not know; rather, the record is clear that Petitioner was not interested in accepting any offer to plead guilty. *See Muyet v. United States*, No. 03-CV-4247, 2009 WL 2568430, at *5 (S.D.N.Y. Aug. 19, 2009) (while significant sentencing disparity between plea offer and actual sentence could be indicative of prejudice, "such disparity does not mandate a finding of prejudice in all cases"); *Mickens v. United States*, No. 97-CV-2122, 2006 WL 2505252, at *2 (E.D.N.Y. Aug. 28, 2006) (inference that may arise from significant sentencing disparity does not create *per se* rule; where petitioner "outspoken and steadfast with respect to his resolve to go to trial," crediting later declaration that he would have accepted plea offer would be improper notwithstanding significant sentencing disparity), *aff'd*, 257 F. App'x 461 (2d Cir. 2007).

Accordingly, the Magistrate Judge did not err in concluding that Petitioner's trial counsel had not rendered ineffective assistance of counsel in failing to convey a two-to-life plea offer, because no such offer was extended. Petitioner's attempt to assert the same claim with respect to the 4.5-to-life and six-to-life offers both comes too late and is belied by the record, which shows: (1) that Defendant was well aware of those offers; and (2) no reasonable probability that he would have accepted them.

Plaintiff has raised no other objections to the Magistrate Judge's thorough and carefully considered R&R. I have reviewed the portions of the R&R to which Petitioner has not objected, and find no error, clear or otherwise.

Conclusion

Accordingly, I adopt the R&R as the decision of the Court. The Petition is dismissed with prejudice. As Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); *Lozada v. United States*, 107 F.3d 1011, 1016-17 (2d Cir. 1997), *abrogated on other grounds by United States v. Perez*, 129 F.3d 255, 259-60 (2d Cir. 1997). The Clerk of the Court is respectfully directed to close the case.

**SO ORDERED.**

Dated: November 23, 2011
      White Plains, New York

CATHY SEIBEL, U.S.D.J.